UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL LAYTON,

        Petitioner,

                              CIVIL CASE NO. 08-10488
v.                             HONORABLE STEPHEN J. MURPHY, III

RAYMOND BOOKER,

        Respondent.
_____/

**OPINION AND ORDER
GRANTING RESPONDENT'S MOTION TO DISMISS,
DISMISSING THE HABEAS PETITION WITH PREJUDICE,
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Petitioner Michael Layton is a state prisoner currently confined at the Ryan Correctional Facility in Detroit, Michigan. He has filed a *pro se* application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. The habeas petition challenges Petitioner's state convictions for first-degree murder and possession of a firearm during the commission of a felony. Respondent argues in a motion to dismiss the habeas petition that Petitioner's claims are barred from review by the statute of limitations. The Court agrees. Therefore, Respondent's motion is granted and the habeas petition will be dismissed.

    **I. Background**

Following a jury trial in 1988, Petitioner was convicted in Wayne County, Michigan of first-degree murder, Mich. Comp. Laws § 750.316, and felony firearm, Mich. Comp. Laws § 750.227b. On November 15, 1988, the trial court sentenced Petitioner to two years in prison for the felony firearm conviction, followed by life imprisonment for the murder conviction. On appeal from his

convictions, Petitioner argued that (1) the admission of testimony directed toward an evaluation of his credibility constituted error, (2) insufficient evidence of premeditation and deliberation was presented at the preliminary examination, and (3) repeated instances of prosecutorial misconduct deprived him of a fair trial. The Michigan Court of Appeals affirmed Petitioner's convictions, *see People v. Layton*, No. 116722 (Mich. Ct. App. Aug. 8, 1991), and on March 30, 1992, the Michigan Supreme Court denied leave to appeal. *See People v. Layton*, 439 Mich. 975; 483 N.W.2d 398 (1992) (table).

Petitioner raised his habeas claims in a motion for relief from judgment filed on August 1, 2005. The trial court denied his motion, and the Michigan Court of Appeals denied leave to appeal for failure to establish entitlement to relief under Michigan Court Rule 6.508(D). *See People v. Layton*, No. 270180 (Mich. Ct. App. Nov. 9, 2006). On June 26, 2007, the Michigan Supreme Court denied leave to appeal for the same reason. *See People v. Layton*, 478 Mich. 924; 732 N.W.2d 921 (2007) (table).

Petitioner filed his habeas corpus petition on February 1, 2008. His claims are:

I. The trial court's failure to instruct the jury on the defense of intoxication was reversible error where there was testimony that Petitioner Layton was intoxicated and where Petitioner was charged with first degree premeditated murder, because the jury lacked necessary information to reach a fair verdict in violation of Petitioner's due process right to a fair trial.

II. The trial court's instruction on the causation element of murder directed a verdict on that element and/or shifted the burden of proof and tainted the following instructions.

III. The trial court erred by failing to instruct on the defense of imperfect self defense where the evidence showed that a struggle may have occurred and the court instructed on voluntary manslaughter, accident, and self defense.

2

IV. The trial court violated Petitioner's due process rights under the Fourteenth Amendment by allowing a jury selection process which failed to comply with the court rules and Petitioner was denied the effective assistance of counsel where he requested a jury selection method that did not comply with the Due Process requirements of MCR 2.511(F).

V. Petitioner Layton was denied the effective assistance of counsel at trial and counsel had admitted his ineffectiveness at this murder trial.

VI. Petitioner Layton is entitled to relief because he was denied his right to the effective assistance of counsel on his direct appeal.

VII. This Court must exercise its discretion under M.C.L. 770.1 and determine if relief from judgement is required because it appears to the court that justice has not been done.

Respondent urges the Court to dismiss these claims on the ground that Petitioner did not comply with the one-year statute of limitations.

**II. Discussion**

**A. The Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for habeas petitions filed by state prisoners. *See* 28 U.S.C. § 2244(d). The period of limitations runs from the latest of:

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner is not alleging an impediment to filing a timely habeas petition, a new and retroactive constitutional right, or newly discovered evidence. Therefore, only § 2244(d)(1)(A) is applicable here. Petitioner's conviction became final for purposes of § 2244(d)(1)(A) on June 28, 1992, when the deadline expired for seeking a writ of certiorari in the United States Supreme Court. *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).

The AEDPA was enacted on April 24, 1996. Because Petitioner's convictions became final before the AEDPA was enacted, he had one-year, or until April 24, 1997, to file his habeas petition. *Brown v. O'Dea*, 187 F.3d 572, 577 (6th Cir. 1999), *vacated on other grounds*, 530 U.S. 1257 (2000). Petitioner filed his habeas corpus petition in 2008. His habeas petition clearly is time-barred, absent tolling.

### B. Tolling

#### 1. Statutory Tolling Pursuant to § 2244(d)(2)

"[T]he one-year limitation period is tolled for the 'time during which a properly filed application for State or other collateral review with respect to the pertinent judgment or claim is pending.' 28 U.S.C. § 2244(d)(2)." *Ege v. Yukins*, 485 F.3d 364, 371-72 (2007). Petitioner's motion for relief from judgment did not affect the statute of limitations because the statute of limitations expired before Petitioner filed his motion. *Hargrove v. Brigano*, 300 F.3d 717, 718 n.1 (6th Cir. 2002). Consequently, the tolling available under § 2244(d)(2) does not benefit Petitioner.

#### 2. Equitable Tolling

Equitable tolling applies to the one-year limitations period for habeas petitions, *Dunlap v. United States*, 250 F.3d 1001, 1003 (6th Cir. 2001), but a petitioner who seeks equitable tolling

4

generally "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Courts in this Circuit also must consider and balance the following four factors:

> (1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement.

*Andrew v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988).

Lack of prejudice to the respondent is not an independent basis for invoking the doctrine of equitable tolling, *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984), and Petitioner has not alleged that he lacked notice or knowledge of the filing requirement. Nor has he demonstrated that he was diligent in pursuing his claims. He could have raised all his claims except the one about appellate counsel on direct review of his convictions, and he could have asserted a claim about appellate counsel in a post-conviction motion filed after direct review of his convictions concluded in 1992. Equitable tolling is not appropriate under the circumstances.

### 3. Tolling for Actual Innocence

Courts may toll the habeas statute of limitations for a credible claim of actual innocence. *Souter v. Jones*, 395 F.3d 577, 601 (6th Cir. 2005). However, to prevail on a claim of actual innocence, a habeas petitioner generally has "to support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *see also Souter*, 395 F.3d at 600 (explaining that the actual-innocence exception for time-barred claims is limited to the rare and extraordinary case where a habeas petitioner presents new evidence which undermines the reviewing court's confidence in the outcome of the trial). The petitioner must

demonstrate "that more likely than not any reasonable juror would have reasonable doubt" in light of the new evidence. *House v. Bell*, 547 U.S. 518, 538 (2006).

Petitioner's trial attorney, Joseph Loney, stated in an affidavit signed on May 27, 2005, that he thought Petitioner acted in self defense and was not guilty of first-degree murder. Mr. Loney also alleges in his affidavit that he had no tactical reason for (1) not objecting to the trial court's refusal to re-read a witness's testimony and (2) not objecting to or requesting certain jury instructions. Mr. Loney states that the outcome of Petitioner's case likely would have been different absent his (Mr. Loney's) acts and omissions.

Mr. Loney's admissions may be new evidence, but the facts underlying the admissions are not new. Mr. Loney's acts and admissions should have been obvious to Petitioner during trial. Petitioner could have raised a claim about Mr. Loney on direct review or in a motion for relief from judgment filed before the statute of limitations expired. Furthermore, Mr. Loney's affidavit does not establish Petitioner's innocence. At most, Mr. Loney's admissions indicate that the result of the trial might have been different had he done things differently. To the extent that Petitioner is alleging a claim of actual innocence, his claim is not credible and does not entitle him to tolling of the limitation period.

### III. Conclusion

Petitioner's claims are time-barred. Accordingly,

**IT IS ORDERED** that Respondent's motion to dismiss [docket entry #11] is **GRANTED,** and the Habeas Petition [docket entry #1] is **DISMISSED** with prejudice.

Reasonable jurists would not debate whether the petition states a valid claim of the denial of a constitutional right or whether the Court's procedural ruling is correct. Therefore,

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Leave to appeal *in forma pauperis* is **DENIED** because an appeal from this Opinion would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(4)(B).

**SO ORDERED.**

Dated:  September 15, 2008 　　　　　　　　　　s/Stephen J. Murphy, III
　　　　　　　　　　　　　　　　　　　　　　　　　HONORABLE STEPHEN J. MURPHY, III
　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on  September 15, 2008 , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
　　　　　　　　　　　　　　　　　　Brian O. Neill　　　　　　　　　　 , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: 　　　　　　　　　Michael Layton　　　　　 .

　　　　　　　　　　　　　　　　　　　s/Ruth A. Brissaud
　　　　　　　　　　　　　　　　　　　Ruth A. Brissaud, Case Manager
　　　　　　　　　　　　　　　　　　　(810) 341-7845